Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff




------------------------------------------------------------X
UNIVERSAL LEAF TOBACCO CO.

    Plaintiff,

  - against -

M/V MSC MARA, her tackle, boilers, engines, etc;
MEDITERRANEAN SHIPPING COMPANY S.A.;
and COMPANIA NAVIERA MARA, S.A.

    Defendants.
------------------------------------------------------------X

**07 Civ.**

**COMPLAINT**

    Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    Plaintiff, UNIVERSAL LEAF TOBACCO CO., is a corporation duly incorporated under the laws of one of the states of the United States, with an office and place of business located at 1501 N. Hamilton Street, Richmond, VA 23260, and was the receiver and consignee of certain cargo laden on board the M/V MSC MARA, as more fully described below.

    3.    Defendant, MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "MSC") is a foreign corporation with a place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times was and is doing business in this jurisdiction

and was and is a common carrier of goods by water and was the common carrier for the shipment described more fully below and is the owner and/or charterer and/or manager and/or operator of the M/V MSC MARA.

4. Defendant, COMPANIA NAVIERA MARA, S.A., (hereinafter "CNM") is a foreign corporation with a place of business located at 40 Avenue Eugene Pittard, CH-1206 Geneva, Switzerland, and at all relevant times was and is doing business in this jurisdiction and was and is the owner and/or charterer and/or manager and/or operator of the M/V MSC MARA.

5. At all material times, the M/V MSC MARA was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

6. At all material times, defendants were and still are engaged in the business of common carriage of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V MSC MARA, as common carriers of merchandise by water for hire.

7. Plaintiff was the consignee, owner and/or assured of the consignments hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST MSC AND M/V MSC MARA

8. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 7, inclusive, as if herein set forth at length.

9. On or about November 20, 2006, a cargo consisting of 2,112 cases Turkish oriental leaf tobacco laden into 22 ocean going containers, the numbers of which are set forth in the MSC bill of lading referenced below, then being in good order and condition, were delivered to defendant MSC at Izmir, Turkey for transportation to Richmond, Virginia, in consideration of an agreed freight pursuant to MSC bill of lading no. MSCUIZ996910 dated on or about November 20, 2006.

10. Thereafter, the aforementioned cargo was loaded on board the M/V MSC MARA and the vessel departed for the intended port of destination.

11. When the cargo was delivered to the consignee in Richmond, Virginia in December 2006 it was discovered that 170 cases, in seven separate containers of the 22 containers delivered to MSC, had sustained wetting damage and were otherwise in an otherwise damaged condition. These seven containers are: MSCU 822235-6; MSCU 889049-0; MSCU 950666-0; GLDU 076098-2; MSCU 962107-3; MSCU 998656-0; and MSCU 782916-0.

12. The defendants MSC and M/V MSC MARA failed to deliver the cargo to plaintiff at destination in the same good order and condition as when received by defendants at the port of loading.

13. The damage to the aforementioned cargo of Tobacco did not result from any act or omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in

whole or in part, of the negligence and/or fault of defendant MSC and/or the unseaworthiness of the M/V MSC MARA.

14. By reason of the foregoing, plaintiff has sustained damages in the total amount of $320,000 plus expenses, no part of which has been paid, although duly demanded.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

15. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14, inclusive, as if herein set forth at length.

16. As the owners, disponent owners, bareboat owners, charterers, and/or managers of the M/V MSC MARA, defendants MSC and CNM were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry the cargoes that were delivered to and loaded on board the M/V MSC MARA. Moreover, the said defendants were sub-bailees of the cargoes referred to in the First Cause of Action and in any event, as the party having custody and control of the property and chattels of others, said defendants were obligated to exercise due diligence to properly care for those cargoes, a responsibility which included exercising due diligence to ensure that the M/V MSC MARA was seaworthy for the voyage to the United States.

17. The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and/or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including, but not limited to, their failure to maintain the M/V MSC MARA in a seaworthy condition.

18. By reason of the foregoing, plaintiff has sustained damages in the total amount of $320,000, plus expenses, no part of which has been paid, although duly demanded.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20. Defendants MSC and CNM, as managers and owners of the M/V MSC MARA, were responsible for manning, maintaining and repairing the vessel.

21. The damage to the subject cargo of Tobacco, as described in the First Cause of Action, was caused in whole or in part, by the negligence and fault of the said defendants in failing to properly manage and operate the M/V MSC MARA, in failing to properly man the vessel and to train its officers and crew, and in failing to properly maintain the vessel, its hull and machinery.

22. By reason of the foregoing, plaintiff has sustained damages in the total amount of $320,000, plus expenses, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District be attached in the amount of $320,000.00, with interest thereon and costs, the sum sued for in this Complaint.

3. That judgment may be entered in favor of Plaintiff and against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

4.  That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and,

5.  That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       September 27, 2007
       115-884

                                           **CASEY & BARNETT, LLC**
                                           Attorneys for Plaintiff

By: _Martin F. Casey_
Martin F. Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225

6