LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants
MEDITERRANEAN SHIPPING COMPANY, S.A. and
COMPANIA NAVIERA MARA S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNIVERSAL LEAF TOBACCO CO.

          Plaintiff,

                                          07 Civ. 08392 (SAS)

  - against -

                                          **ANSWER**

M/V MSC MARA, her tackle, engines, etc;
MEDITERRANEAN SHIPPING COMPANY S.A.;
and COMPANIA NAVIERA MARA S.A.

          Defendants.
------------------------------------------------------------x

     Defendants MEDITERRANEAN SHIPPING COMPANY, S.A., ("MSC") and COMPANIA NAVIERA MARA S.A. ("CNM") (collectively referred to as "Answering Defendants") by their attorneys, Lyons & Flood, LLP, for their answer to Plaintiff's' Complaint, allege upon information and belief as follows:

    1.    Admit that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that jurisdiction is predicated upon 28 U.S.C. § 1333.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admit that MSC is a foreign corporation and is engaged in the business as a common carrier of merchandise by water for hire and doing business in this jurisdiction and at all relevant times operated the MSC MARA and admits that CNM is a foreign corporation and was the owner of the MSC MARA at all relevant times, but except as so specifically admitted, deny the remaining allegations contained in paragraphs 3 and 4 of the Complaint.

4. Admit that the M/V MSC MARA is an ocean-going vessel engaged in common carriage of cargoes on the high seas, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

5. Admit that MSC, at all material times, was engaged in the business of common carriage of merchandise by water for hire, and at all relevant times operated the MSC MARA as common carrier of merchandise by water for hire, and that at all relevant times CNM was the owner of the MSC MARA, but except as so specifically admitted, deny the remaining allegations contained in paragraph 6 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

7. Answering Defendants repeat and reallege the responses in Paragraphs 1 through 6 of this Answer, as if fully set forth herein.

8. Admit that a shipment of 22 containers said to contain 2,112 cases of Turkish oriental leaf tobacco was transported from Izmir, Turkey to Norfolk, Virginia pursuant to MSC's

bill of lading MSCUIZ996910 dated on or about November 20, 2006, but except as so specifically admitted, deny the remaining allegations contained in paragraph 9 of the Complaint.

9. Admit the cargo pursuant to bill of lading MSCUIZ996910 was loaded aboard the MSC MARA, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

11. Deny each and every allegation contained in paragraph 12 of the Complaint.

12. Deny each and every allegation contained in paragraph 13 of the Complaint.

13. Deny each and every allegation contained in paragraph 14 of the Complaint

## ANSWERING THE SECOND CAUSE OF ACTION

14. Repeat and reallege the responses in Paragraphs 1 through 13 of this Answer, as if fully set forth at length herein.

15. The allegations contained in paragraph 16 of the Complaint contain conclusions of law to which no answer is required, to the extent an answer is required, the allegations are denied.

16. Deny each and every allegation contained in paragraph 17 of the Complaint.

17. Deny each and every allegation contained in paragraph 18 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

18. Repeat and reallege the responses in Paragraphs 1 through 17 of this Answer, as if fully set forth at length herein.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

20. Deny each and every allegation contained in paragraph 21 of the Complaint.

21. Deny each and every allegation contained in paragraph 22 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

22. Any loss or damage to the goods, as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality or vise of goods, or insufficiency of packaging or marks or by act or omission of the shipper, or owner of the goods, its agents or representatives, or other third-parties and not by Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

23. The shipment which is the subject of this suit was carried pursuant to the terms and conditions of a certain bill of lading and tariff, by which the shipper, owner, consignee, and holder of said bill of lading agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and the Answering Defendants claim the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

### THIRD AFFIRMATIVE DEFENSE

24. The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bill of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with the above quoted provisions of COGSA and MSC's bill of lading.

## FOURTH AFFIRMATIVE DEFENSE

25. Due diligence was exercised on behalf of the carrier to make the vessels and their appurtenances seaworthy, and to make the holds and all other parts of the carrying ships in which the goods were carried fit and safe for the reception, carriage and preservation of such shipment. Any losses, injuries or damages alleged to have been suffered by the shipment were due to neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach of contract on the part of the plaintiff, shipper, their agent, or employee, or due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of COGSA, or provisions of said bill of lading or tariff or other applicable provisions of contracts of carriage or of law.

## FIFTH AFFIRMATIVE DEFENSE

26. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by the plaintiff or third-party, and not by Answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

27. Plaintiff failed to properly and fully mitigate its damages.

WHEREFORE, DEFENDANTS MEDITERRANEAN SHIPPING COMPANY, S.A. and COMPANIA NAVIERA MARA S.A. respectively request judgment dismissing the Complaint, and awarding them costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
November 27, 2007

                    LYONS & FLOOD, LLP
                    Attorneys for Defendants
                    MEDITERRANEAN SHIPPING COMPANY S.A. and
                    COMPANIA NAVIERA MARA S.A.

                    By: _____
                          Edward P. Flood (EPF-5797)
                          Lyons & Flood, LLP
                          65 W 36th Street, 7th Floor
                          New York, New York 10018
                          (212) 594-2400

TO:   Casey & Barnett, LLC
       Attorneys for the Plaintiff
       Martin F. Casey, Esq
       317 Madison Avenue, 21st Floor
       New York, New York 10017
       (212) 286-0225

U:\FLOODDOC\2549107\Pleadings\MSC's Answer to Complaint.doc

## CERTIFICATE OF SERVICE

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A. and COMPANIA NAVIERA MARA S.A., with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On November 27, 2007, I served true copies of the Answer to Complaint upon:

> Casey & Barnett, LLC
> Attorneys for the Plaintiff
> Martin F. Casey, Esq
> 317 Madison Avenue, 21st Floor
> New York, New York 10017

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: November 27, 2007

_____
Erika Tax

U:\FLOODDOC\2549107\Pleadings\MSC's Answer to Complaint.doc